Filed 12/24/25  P. v. Sanchez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MAURILLO SANCHEZ,<br><br>　　　Defendant and Appellant. | A171960<br><br>(Napa County Super. Ct. No. CR182867) |

　　　Maurillo Sanchez contends the trial court erroneously imposed a $1,563 fine for driving under the influence of alcohol and stayed an identical fine (jointly, the DUI fine) without stating how the fine was calculated, identifying its statutory basis, or holding a hearing on his ability to pay. Sanchez's failure to raise these objections at the sentencing hearing forfeited them for appeal, so we affirm without reaching the merits.

## BACKGROUND

　　　The underlying facts are not relevant to the issues presented here. Sanchez was convicted on a plea of no contest to two counts of threatening an officer, two counts of resisting an officer, and one count of vehicle theft, all felonies, and misdemeanor driving under the influence of alcohol (count 6), driving with a blood alcohol concentration  of 0.08 percent or higher (count 7), hit and run driving, and driving without a license.  He admitted special

1

allegations that he refused a chemical test and had a blood alcohol concentration of 0.20 percent or more at the time of driving.

The probation report recommended that the court impose a $1,563 fine for driving under the influence of alcohol (Pen. Code, § 23536) on count 6, "includ[ing] penalty assessments, a Criminal Conviction Assessment, and a Court Security Fee," and stay an identical fine on count 7. It also recommended a $300 restitution fine, a $300 parole revocation restitution fine, suspended, and court operations assessment fees totaling $490.

At the sentencing hearing, defense counsel confirmed that he had reviewed the probation report's recommendations with Sanchez. The court denied probation and imposed the negotiated prison term of three years and eight months, to run concurrently with a prison commitment from another county. It ordered Sanchez to pay one $1,563 DUI fine, stayed the second, and imposed other fines not at issue here. Sanchez neither objected to the fines nor requested clarification of the DUI fine.

Sanchez appealed and, some six months later, filed a motion in the superior court pursuant to Penal Code section 1237.2 seeking correction of fees, fines, and assessments he claimed were erroneous.[1] Sanchez asserted

---

[1] Under Penal Code section 1237.2, defendants must ask the trial court at or after sentencing to correct erroneous fees, fines, and other assessments as a prerequisite to raising the alleged error in a stand-alone appeal. Section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's

2

the DUI fine lacked required specificity because neither the court's pronouncement of sentence, the probation report, nor the clerk's minutes explained how it was calculated or identified its statutory authority. In fact, he observed, the check-the-box abstract of judgment cited only a statute authorizing DUI fees for certain repeat offenders (Veh. Code, § 23550), which did not apply to him. Sanchez further contended the court erroneously included a criminal conviction assessment of $40 (Pen. Code, § 1465.8) and a court security fee of $30 (Gov. Code, §70373) in the DUI fee without affording him an opportunity to prove his inability to pay them. Finally, he asserted the abstract of judgment reflected $490 in court operations fees that the court had in fact not imposed.

Sanchez asked that the court correct its pronouncement of judgment to specify the components of and authority for the DUI fine; afford him an opportunity to demonstrate his inability to pay; and order that the clerk's minutes and abstract of judgment be amended to delete the $490 in court operations fees.

Thereafter, the court issued an amended minute order and abstract of judgment that omitted the court operations fees but left the DUI fines standing without further clarification.

## DISCUSSION

On appeal, Sanchez raises the same challenges to the DUI fine as in his post-sentencing motion. We do not address their merits because his failure to object at the sentencing hearing forfeited them for appeal.

---

request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

3

In the context of fees imposed at sentencing, as generally recognized, a defendant must, with limited exceptions, preserve a claim of error for appeal by making a contemporaneous objection in the trial court.  (See, e.g., *People v. Aguilar (*2015) 60 Cal.4th 862, 864–868 [failure to object at sentencing forfeited appellate challenge to probation costs, booking fees, and attorney fees]; *People v. Trujillo* (2015) 60 Cal.4th 850, 856–857 [same, probation supervision and presentence investigation fees]; *People v. McCullough* (2013) 56 Cal.4th 589, 591 [criminal assessment fee]; *People v. Evers* (2023) 97 Cal.App.5th 551, 555–557 [restitution and parole restitution fines].)  The failure to make a timely objection forfeits the claim for appeal.  (*People v. Aguilar, supra,* 60 Cal.4th at p. 864.)

This forfeiture rule is not avoided by filing a post-sentencing motion under section 1237.2.  (*People v. Evers, supra,* 97 Cal.App.5th at pp. 556–557.)[2]  It encompasses "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices.  Included in this category are cases in which the stated reasons allegedly do not apply to the particular case" and in which the court "failed to state any reasons or give a sufficient number of valid reasons."  (*People v. Scott* (1994) 9 Cal.4th 331, 353.)  And it extends to claims that the court failed to consider the defendant's ability to pay before imposing fines or fees.  (*People v. Avila*

---

[2] *Evers* addressed the forfeiture of a claim that fines were unconstitutional under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and did not decide whether a motion under Penal Code section 1237.2 might allow a person to avoid forfeiture of "other kinds of errors that might be raised" under it.  (*People v. Evers, supra*, 97 Cal.App.5th at p. 557.)  But Sanchez did not address forfeiture in his opening brief and did not file a reply after the Attorney General raised it.  Accordingly, he did not present any argument that the rationale in *Evers* should not apply here. "We are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

4

(2009) 46 Cal.4th 680, 729; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.) The rule thus bars Sanchez's attempt to challenge the DUI fine in this court.

Notwithstanding this conclusion, on our own motion we exercise our discretion to correct the clerical error in the abstract of judgment. (See *People v. Mitchell* (2001) 26 Cal.4th 181,185–188.) The abstract shall be modified to reflect that the court imposed the DUI fine on count 6 and imposed and stayed the DUI fine on count 7 pursuant to section 23536, rather than section 23550, of the Vehicle Code.

## DISPOSITION

The abstract of judgment is modified to reflect that the DUI fines as to counts six and seven were imposed pursuant to section 23536, rather than section 23550, of the Vehicle Code. Upon issuance of the remittitur, the clerk of the superior court is to issue an amended abstract of judgment that reflects the entirety of the sentence imposed by the trial court and the correct provision of the Vehicle Code section as stated here. The judgment is affirmed in all other respects.

_____
Moorman, J.*

WE CONCUR:


_____
Streeter, Acting P. J.


_____
Goldman, J.


A171960/*People v. Sanchez*

_____

\* Judge of the Superior Court of California, County of Mendocino, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.